Gregory Lynn NORWOOD,
Plaintiff–Appellant,

v.

M. ROBINSON, Correctional Officer;
et al., Defendants–Appellees.

No. 13–15163.

United States Court of Appeals,
Ninth Circuit.

Submitted May 13, 2014.*

Filed May 29, 2014.

Gregory Lynn Norwood, Vacaville, CA, pro se.

Jaime Ganson, Deputy Attorney General, Office of the California Attorney General, Sacramento, CA, for Defendants–Appellees.

Before: CLIFTON, BEA, and WATFORD, Circuit Judges.

## MEMORANDUM **

California state prisoner Gregory Lynn Norwood appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging that prison officials confiscated his property in retaliation for filing a grievance. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Brodheim v. Cry,* 584 F.3d 1262, 1267 (9th Cir.2009). We affirm.

The district court properly granted summary judgment because Norwood failed to raise a genuine dispute of material fact as to whether the confiscation of his property was not reasonably related to legitimate penological interests. *See id.* at 1269 (setting forth elements of a retaliation claim in the prison context); *Pratt v. Rowland,* 65 F.3d 802, 806–07 (9th Cir.1995) (deference should be afforded to prison officials in evaluating proffered "legitimate penological" goals); *see also Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1061 (9th Cir.2011) ("To survive summary judgment, a plaintiff must set forth non-speculative evidence of specific facts, not sweeping conclusory allegations.").

Norwood's contention that the applicable prison regulation requiring confiscation of his property was "illegal" is unpersuasive.

**AFFIRMED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.